```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA         :
                                    STIPULATION AND ORDER
          - v. -                 :  MODIFYING RESTRAINING ORDER

ISAI SCHEINBERG,                 :  S3 10 Cr. 336 (LAK)
RAYMOND BITAR,
SCOTT TOM,                       :
BRENT BECKLEY,
NELSON BURTNICK,                 :
PAUL TATE,
RYAN LANG,                       :
BRADLEY FRANZEN,
IRA RUBIN,                       :
CHAD ELIE,
     and                         :
JOHN CAMPOS,
                                 :
          Defendants.
                                 :
- - - - - - - - - - - - - - - - -x
```





JUDGE KAPLAN'S CHAMBERS

WHEREAS, on or about March 10, 2011, a nine-count superseding indictment, S3 10 Cr. 336 (LAK), (the "Indictment") was filed under seal in the United States District Court for the Southern District of New York charging ISAI SCHEINBERG, RAYMOND BITAR, SCOTT TOM, BRENT BECKLEY, NELSON BURTNICK, PAUL TATE, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN, CHAD ELIE, and JOHN CAMPOS, the defendants, with conspiring to violate the Unlawful Internet Gambling Enforcement Act ("UIGEA"), 31 U.S.C. § 5363, in violation of Title 18, United States Code, 371; violating the UIGEA; operating illegal gambling businesses, in violation of Title 18, United States Code, Sections 1955 and 2; conspiring to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349; and conspiring to launder

money, in violation of Title 18, United States Code, Section 1956(h);

WHEREAS, the Indictment contains allegations providing notice that the Government intends to seek forfeiture of certain property as a result of the offenses alleged in Counts Five, Six, and Seven;

WHEREAS, on or about April 15, 2011, the Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, issued a post-indictment restraining order (the "Restraining Order") for, inter alia, account number GB26BARC20473563472044 held at Barclays in the name of Hotwire Financial LTD, and all funds traceable thereto (the "Restrained Account") on the grounds that there was probable cause to believe that the property so described was subject to seizure and forfeiture pursuant to 18 U.S.C. §§ 981(a)(1), (a)(1)(C); 18 U.S.C. § 982(a)(2)(A); 1955(d); and 28 U.S.C. § 2461, as proceeds traceable to the operation of illegal gambling businesses, property involved in a conspiracy to commit money laundering, or property traceable to such property, and proceeds of a conspiracy to commit bank and wire fraud;

WHEREAS, the Restraining Order directed that any party having actual knowledge of the Restraining Order, among others, shall not directly or indirectly, transfer, sell, assign, pledge, hypothecate, encumber, dissipate, distribute, or move the

contents of the Restrained Account;

WHEREAS, the application of the United States for the Restraining Order with respect to the contents of the Restrained Account was based on facts giving rise to probable cause to believe that property traceable to or derived from the offenses alleged in the Indictment was transferred into the Restrained Account, including at least nine wires of approximately $400,000 each, totaling $3,600,000, were made to Hotwire Financial LTD, account number GB26BARC20473563472044 at Barclays, include the reference "FFC [for further credit] 20100 2097 Chad Elie" or "FFC 2010 02097 Chad Canary" (collectively, the "Elie Funds");

WHEREAS, Hotwire Financial LTD has contended that the Elie Funds were further transferred to bank accounts other than the Restrained Account, and has further contended that Hotwire Financial LTD did not know or have reason to know of the conduct giving rise to the forfeiture of the Elie Funds;

WHEREAS, based in part on representations by Hotwire Financial LTD and its President, Marcelo Sacomori, the United States has determined that it will not pursue forfeiture of the contents of the Restrained Account in connection with the conduct alleged in the Indictment;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED, by and between the United States, by its attorney Preet Bharara, United States Attorney for the Southern District of New

3

York, Michael D. Lockard, Assistant United States Attorney, of counsel, and Hotwire Financial LTD, by its attorney Frank C. Bonaventure, Esq., Ober, Kaler, Grimes & Shriver P.C., that:

1.   The Restraining Order shall be modified to the extent of lifting any restraint on the Restrained Account.

2.   Hotwire Financial LTD represents that it had no knowledge that the Elie Funds were the proceeds of illegal activity and the United States' agreement to this Stipulation is expressly premised upon the truthfulness, accuracy, and completeness in every material part of the records provided and representations made by Hotwire Financial LTD to the United States. If, upon motion by the United States, the Court finds that any of such records or representations made failed to disclose material information or directly misrepresented material facts, the United States may request that this Stipulation be reopened for the purpose of initiating forfeiture proceedings against the Restrained Account described herein, or a substitute asset of equal value.

2.   Hotwire Financial LTD and its parents, subsidiaries, affiliates, partners, officers, directors, employees, and representatives, and each of their respective agents, attorneys, successors, and assigns, are hereby barred from asserting any claim against the United States or any of its agents and employees, including the Federal Bureau of

4

Investigation ("FBI") and the United States Attorney's Office of the Southern District of New York, in connection with, or arising out of, the United States' initiation of forfeiture proceedings against, or its seizure, arrest or possession of, the restrained Bank Accounts.

3. Hotwire Financial LTD agrees to hold harmless the United States and any and all of the United States' agents and employees, including the FBI and the United States Attorney's Office for the Southern District of New York, from any and all claims, including third party claims, in connection with or arising out of the United States' initiation of forfeiture proceedings against, or its seizure, arrest or possession of, the Hotwire Account(s) or the Restrained Funds, or the release of the Restrained Funds pursuant to the terms of this Stipulation.

4. This Stipulation and Order constitutes the complete agreement between the parties and may not be amended except by written consent thereof.

5. Each party shall bear its own costs and fees.

6. The signature pages of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by fax and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney
Southern District of New York

By: _____   June 7, 2011
    Michael D. Lockard             DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-2193


HOTWIRE FINANCIAL LTD

By: _____   MAY/31/2011
    MARCELO SACOMORI               DATE
    President


_____   6/3/11
Frank C. Bonaventure, Jr.      DATE
Ober, Kaler, Grimes & Shriver P.C.
100 Light Street
Baltimore, Maryland 21202
(410) 347-7305
Counsel for Hotwire Financial LTD


SO ORDERED:

_____   6/13/11
HONORABLE LEWIS A. KAPLAN      DATE
UNITED STATES DISTRICT JUDGE

6